Filed 1/21/21  P. v. Pierce CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

  Plaintiff and Respondent,

v.

AARON JAMES PIERCE,

  Defendant and Appellant.

2d Crim. No. B304302
(Super. Ct. No. 2019030833)
(Ventura County)

Appellant Aaron James Pierce stole property from a dialysis center.  He was charged with grand theft (Pen. Code § 487, subd. (a))[1] and misdemeanor vandalism (§ 594, subd. (b)(2)(A)).  Seven prior convictions were alleged as prior prison term enhancements.  (§ 667.5, subd. (b).)

Pursuant to a plea agreement, appellant pled guilty to the theft charge and admitted the prior conviction allegations.  The trial court struck the prior prison term enhancements and

---

[1] All statutory references are to the Penal Code.

imposed the lower term of 16 months of felony jail. It also imposed a $300 restitution fine and awarded appellant 253 days of presentence credit. The misdemeanor charge was dismissed, and appellant was ordered to pay victim restitution to the dialysis center.

Following sentencing, appellant filed a motion to finish his sentence in a nursing home and a petition for waiver of fines. The trial court issued orders denying both requests.

Appellant filed a timely notice of appeal. The appeal lies for any sentencing error that would not affect the validity of the plea. (§ 1237.5; Cal. Rules of Ct., rule 8.304(b).)

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief requesting that the court make an independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). According to counsel, appellant completed his sentence during the pendency of this appeal.

On August 18, 2020, we advised appellant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On September 2, 2020, appellant requested an extension of time to file a "declaration" demonstrating he is "too disabled" to be housed in the county jail and should be moved to an "independent living home." We granted the request and extended the filing deadline to November 2, 2020. No such document was filed. Accordingly, appellant has not presented any contentions or issues for our consideration.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities

and that no arguable issue exists. (*Wende*, *supra*, 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment and orders denying appellant's motion to finish his sentence in a nursing home and petition for waiver of fines are affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

3

David Hirsch, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.